

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2003

# USA v. Weston

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"USA v. Weston" (2003). *2003 Decisions.* Paper 349.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/349

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-2761

UNITED STATES OF AMERICA

v.

THOMAS WESTON,
a/k/a Rasul

Thomas Weston,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 98-cr-00358
District Judge: Garrett E. Brown, Jr.

Submitted pursuant to Third Circuit LAR 34.1(a)
July 17, 2003

Before: McKEE, BARRY & WEIS, Circuit Judges

(Filed: July 23, 2003)

OPINION OF THE COURT

McKee, Circuit Judge.

Thomas Weston appeals the sentence of 210 months that was imposed based upon

an offense level of 36 in a criminal category of II. The sentence was imposed following

our remand to the district court after we vacated the sentence that was initially imposed.

Counsel has filed a brief pursuant to *U.S. v. Anders*, 386 U.S. 738 (1967), in which he

alleges that, based upon his examination of the record, there are no nonfrivilous issues for appeal. We agree that there are no nonfrivolous issues for appealing the sentence that was imposed following our remand.

Weston has also filed a pro se brief raising three issues. He claims that the district court erred in attributing 200 grams of crack cocaine to him as relevant conduct, that the district court erred in improperly declining to revisit the issue of enhancement for an obstruction of justice previously imposed, and that the district court improperly concluded it lacked legal authority to grant a downward departure under U.S.S.G. § 5K1.1 based upon Weston's alleged cooperation. We find that each of these arguments is meritless. Our remand was for the limited purpose of determining the appropriate base offense level for sentencing. *U.S. v. Boone-Weston*, 279 F.3d 163 (3d Cir. 2002). The district court clearly did not err in staying within the confines of our remand. Accordingly, we will affirm the judgment of the district court.

TO THE CLERK:

Please file the foregoing opinion.

By the Court,


/s/ Theodore A. McKee

Circuit Judge

2